Macklowe v Macklowe (2020 NY Slip Op 01695)





Macklowe v Macklowe


2020 NY Slip Op 01695


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Oing, Moulton, González, JJ.


350044/16 -1290 11217N & 

[*1] Linda Macklowe, Plaintiff-Appellant,
v
Harry Macklowe, Defendant-Respondent.


Holwell Shuster & Goldberg LLP, New York (James M. McGuire of counsel), for appellant.
Boies Schiller Flexner LLP, New York (Joshua I. Schiller of counsel), for respondent.



Order, Supreme Court, New York County )Laura E. Drager, J.(, entered August 12, 2019, which granted defendant's motion to appoint a receiver to coordinate the sale of Schedules II and III of the parties' art collection at public auction, to the extent of stating that the court "shall" do so in accordance with a forthcoming order appointing the receiver, unanimously affirmed, without costs.
During their marriage, the parties amassed a large collection of artwork, which is their most valuable marital asset. At the divorce trial, plaintiff wife asked the court to award the artwork to her and award the parties' real estate interests to defendant husband, with a cash distributive award to the husband to equalize any discrepancy. The husband argued that the artwork should be sold and the proceeds distributed equally. After trial, the court issued a decision wherein it divided the artwork into three "Schedules." The court awarded the wife all of the artwork on Schedule I, and awarded the husband an equalizing credit for his 50% marital share. The court ordered that the artwork on Schedules II and III (the art collection) be "sold" with "the net proceeds distributed 50% to each party." A judgment was subsequently entered containing similar provisions.
The wife appealed and argued, inter alia, that the court erred in directing a sale of the art collection. She proposed instead that the collection be valued and distributed to her, with an equalizing payment to the husband. In unanimously affirming the judgment, this Court rejected the wife's approach, concluding that the trial court had "providently exercised its discretion in directing that [the art collection] be sold and the net proceeds distributed equally between the parties" (Macklowe v Macklowe, 176 AD3d 470, 470 [1st Dept 2019]).
In its trial decision, the court concluded that it was in the parties' best interest to appoint a receiver to sell the art collection. The parties thereafter became embroiled in various disputes over who the receiver would be and the terms of retention, and whether the art collection should be disposed of by way of a public auction, private sales, or an internal auction between the parties. The husband moved to appoint a receiver to sell the art collection at public auction. The court granted the husband's motion "to the extent that the court shall appoint a receiver to coordinate the sale of [the art collection] at public auction in accordance with the forthcoming order appointing the receiver."
On appeal, the wife argues that the motion court erred in ordering a public auction instead of an internal auction. In an internal auction, each of the parties would submit sealed bids for each piece of art in the collection, and the highest bidder would be awarded the item. At the end of the process, each party's total asset value would be determined by the sum of his or her winning bids. The party with the highest total asset value would then pay the other party one-half of the difference between the two asset values in order to purportedly effect an equal distribution.
We find no basis for reversal. In the divorce judgment, which was affirmed on appeal, the trial court equitably distributed the art collection by ordering that it be "sold" with each party [*2]receiving "50% of the net proceeds from the sale." The internal auction proposed by the wife is inconsistent with the judgment in two respects. First, it is not a "sale," as that term is commonly understood, and second, it will not generate "net proceeds" that will be evenly distributed between the parties. The wife has failed to adequately explain how an internal auction effectuates these core provisions of the judgment. Indeed, in her appellate brief on the earlier appeal, the wife stated that an internal auction between the parties "would obviate the need for a sale," thus recognizing that her suggested method of distributing the artwork is not a sale.
Essentially, the wife is proposing an in-kind distribution of the art collection, where the art is split between the parties, and the party that ends up with the greater value of art pays the other a distributive award. However, this approach was rejected by this Court on the earlier appeal when it affirmed the trial court's decision that the art collection be sold. The wife should not be permitted to relitigate this issue under the guise of an internal auction. Moreover, the internal auction approach could lead to other inequities. After the divorce, neither party was left with the cash necessary to buy the art collection from the other. Under the internal auction approach, the losing party, who would be owed a distributive award, would likely have to wait until the winning party sells the art, or otherwise raises the money required to pay the award.
We find unpersuasive the wife's contention that the motion court rejected the internal auction proposal without proper consideration. Since an internal auction is not a sale, the motion court appropriately characterized it as a "settlement solution," and, because the husband did not agree to it, the court properly declined to require the receiver to consider it as an available method of disposition. Even if we were to accept the wife's argument that the motion court had the power to order an internal auction, no basis exists to reverse. Under the specific circumstances here, the court did not abuse its discretion in choosing a public auction as the method to sell the art collection.
We have considered the wife's remaining arguments and find them unavailing.
M-1290 - Linda Macklowe v Harry Macklowe Motion for stay pending appeal denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK